**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Bobby STINNETT, Defendant–Appellant.**

**No. 04–10882.**

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Decided June 20, 2005.

Renee Harris Toliver, U.S. Attorney's Office, Northern District of Texas, Fort Worth, TX, for Plaintiff–Appellee.

Kenneth Wayne Mullen, Fort Worth, TX, for Defendant–Appellant.

Before DAVIS, SMITH and DENNIS, Circuit Judges.

PER CURIAM: *

Bobby Stinnett appeals from his guilty-plea conviction for conspiracy to manufacture and distribute methamphetamine. He argues that his sentence violates *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), because it was based upon facts that were not admitted by him incident to his guilty plea. After Stinnett filed his appellate brief, the Supreme Court issued *United States v. Booker,* —— U.S. ——, ——, 125 S.Ct. 738, 755, 160 L.Ed.2d 621 (2005), holding that *Blakely* was applicable to the federal sentencing guidelines. Because Stinnett did not raise this issue below, it is reviewed for plain error only. *United States v. Mares,* 402 F.3d 511, 513 (5th Cir.2005), *petition for cert. filed,* (U.S. Mar. 31, 2005) (No. 04–9517). Although Stinnett has satisfied the first two prongs of the plain-error analysis, he has failed to meet the third prong. *Id.* at 520–22. Accordingly, he does not warrant relief based on *Booker.*

Stinnett also argues that the use of hearsay evidence at sentencing violated his rights under the Confrontation Clause. "[T]here is no Confrontation Clause right at sentencing." *United States v. Navarro,*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

169 F.3d 228, 236 (5th Cir.1999). Accordingly, the district court's judgment is AFFIRMED.

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.